516 So.2d 175 (1987)
STATE of Louisiana
v.
James KENNEY.
No. KA 4661.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*176 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Clyde Merritt, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and WILLIAMS, JJ.
SCHOTT, Judge.
After a bench trial defendant was convicted of aggravated burglary in violation of LSA-R.S. 14:60 and sentenced to ten years at hard labor.
At 3:00 a.m. on May 27, 1984 Gabrielle Anderson was asleep in a top bunk bed in her bedroom when she was awakened and saw someone at the end of her bed. Her nine month old baby was in bed with her and her aunt, Ethel Morgan, was asleep in the bottom bunk. The intruder moved on top of her, put a knife to her throat, and threatened to kill her. She was able to reach the light switch and to turn it on. She immediately recognized the intruder as the defendant who lived nearby and she screamed, "Dino's in the house." After being awakened by her niece's scream Ethel Morgan saw someone running from the bedroom. She found that a kitchen screen had been cut and the kitchen had been ransacked. Her purse on the kitchen table was open, its contents were strewn about, and a pocket knife was missing from it. She called the police and waited outside for them. As they arrived the defendant was walking by, she told the police he was the burglar, and they arrested him.
When defendant was arrested he was wearing different clothes than when he was caught during the burglary. He produced two witnesses who testified that they were with him earlier in the morning and he was wearing the same clothes he had on when he was arrested.
By his first assignment of error defendant contends his waiver of right to a jury trial was invalid because he was not informed of the size of the jury or the number of jurors needed for a verdict.
Prior to trial the following colloquy ensued:
MR. TAYLOR:
If it please the Court, Your Honor, the defendant in this case, Mr. James Kenney has said that he wants a judge trial. That's what the defendant asked for.
THE COURT:
Mr. Kenny, you have the right to a judge or jury trial. If you were to elect to proceed with a jury trial, that jury could find you guilty as charged, guilty of a lesser crime, or not guilty. If you were convicted, that is, if the jury should find you guilty, you would have the right to appeal that jury decision to a higher court. You also have the right to waive or give up your right to a jury trial and be tried by me alone, it would only take one vote to reach a verdict. You make the decision. Sir, I would suggest to you the *177 jury trial. You make the selection on the record. Take the advise of your attorney then make the selection.
(Whereupon, there was a brief off the record discussion.)
THE COURT:
What do you want, Judge or jury trial?
MR. TAYLOR:
Judge trial.
THE COURT:
Let the record reflect that I have discussed with him the judge or the jury trial, what the potentials are and that I suggested the jury and he said, "No, Judge," and we are going to go with the judge trial.
The trial court statement to the defendant was more than sufficient to enable him to make a knowing and intelligent waiver, especially considering that he was advised by the trial court not to do it, he consulted with his counsel after the judge's statement, and he persisted in the waiver. The validity of the waiver is amply supported by State v. Johnson, 389 So.2d 1302 (La. 1980). There is no support for defendant's argument that a discussion of jury size and number of jurors required for a verdict be conducted by the trial court for a jury trial waiver to be valid. This assignment is without merit.
When Ethel Morgan was called to testify the defendant objected because she had been sitting in the courtroom during a part of her niece's testimony in spite of an order by the judge that the witnesses be sequestered. By his second assignment defendant contends the court's allowing her to testify constituted prejudicial error. Sequestration of witnesses is authorized by C.Cr.P. art. 764 and is primarily designed to enable parties to conduct effective cross examination of adverse witnesses by bringing out inconsistencies with the testimony of other witnesses. When a sequestration has been compromised the question of disqualifying the witness addresses itself to the discretion of the judge whose ruling will not be disturbed on appeal absent a clear showing of abuse of that discretion. State v. Kimble, 407 So.2d 693 (La.1981).
There is no such abuse of discretion in this case. It seems clear that Morgan's presence in the court was uncontrived and a pure accident which had gone unnoticed by the judge and the prosecutor. The major portion of her testimony concerned matters not testified about by her niece. Only on the matters of her being awakened by the niece's scream and the intruder's flight did their testimony coincide. Nothing in cross examination suggests that Morgan's testimony on these matters was the result of her having heard the niece's. In the final analysis the problem here addresses itself to the amount of weight to be assigned to Morgan's testimony. Since this was a bench trial we are confident that the judge took all this in consideration when he weighed Morgan's testimony. This assignment is meritless.
Defendant's third assignment is directed to the sentence which he contends is constitutionally excessive. While the record does not reflect an articulated compliance with C.Cr.P. art. 894.1's guidelines the record clearly illumines and supports the sentence. State v. Smith, 430 So.2d 31 (La.1983). That this defendant broke into a home in the wee hours of the morning, climbed into bed with and on top of the sleeping victim, held a knife on her and threatened to kill her combine to make this a heinous crime which warrants a substantial penalty. The ten year sentence imposed is only one-third of the maximum authorized by the statute and cannot be considered grossly out of proportion to the severity of the crime. This assignment is without merit.
We examined the record for errors patent and found none. The conviction and sentence are affirmed.
AFFIRMED.