948 So.2d 1125 (2006)
STATE of Louisiana
v.
Lewis GOODWIN.
No. 06-KA-439.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
*1126 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Megan L. Gorman, Kenneth P. Bordelon, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Laura M. Pavy, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
This is defendant's second appeal. In his first appeal, this Court conditionally affirmed defendant's conviction and sentence for distribution of cocaine, a violation of LSA-R.S. 40:967, and remanded the matter for an evidentiary hearing to determine whether defendant knowingly and intelligently waived his right to a jury trial. State v. Goodwin, 05-51 (La.App. 5 Cir. 6/28/05), 908 So.2d 56. In remanding the matter, this Court noted in an error patent review that the record did not reflect defendant was properly advised of his right to a jury trial or that he knowingly and willingly waived his right before proceeding to a bench trial.
On remand, the trial court held a hearing and affirmatively concluded defendant knowingly and intelligently waived his right to a jury. Defendant appeals this ruling in his second appeal. The facts of this case were set forth in this Court's opinion on defendant's first appeal, State v. Goodwin, supra. Because the facts of the offense are not at issue in this appeal, we will not include them herein.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant first asserts that the trial court erred in permitting appellant to proceed to trial before the judge alone without first obtaining a knowing and intelligent waiver of the right to trial by jury.
Defendant argues the trial court erred in determining he knowingly and intelligently waived his right to a jury trial. He admits the trial judge advised him of his right to a jury trial but contends he was unaware the jury consisted of twelve persons, ten of whom must concur. Defendant maintains a trial judge should conduct more than a perfunctory de minimums exchange in determining whether a defendant is knowingly and intelligently waiving his right to a jury trial. He asserts the waiver of a jury trial should be akin to a waiver of counsel where inquiry is made and consideration is given to the defendant's background, education, and experience.
*1127 A defendant in a non-capital case may waive his right to a jury trial provided he knowingly and intelligently does so. LSA-C.Cr.P. art. 780(A). The waiver must be express and is never presumed. State v. Ruffin, 02-798 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 633, writ denied, 03-3473 (La.12/10/04), 888 So.2d 831. Although it is preferred for the trial judge to advise the defendant personally on the record of his right to a jury trial and have the defendant waive the right personally on the record, the Louisiana Supreme Court has refused to mandate this method as an absolute rule. Id., citing State v. Kahey, 436 So.2d 475, 486 (La.1983).
While the trial judge must determine the defendant's jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy.[1]State v. Ruffin, supra at 634. A trial judge is not obligated to conduct a personal colloquy inquiring into the defendant's educational background, literacy, and work history. State v. Allen, 05-1622 (La.App. 1 Cir. 3/29/06), 934 So.2d 146, 154. Additionally, nothing in the statutes or the jurisprudence requires the trial judge to inform a defendant of the details involving the number of jurors and the votes necessary for a conviction. State v. Ruffin, supra.
At the evidentiary hearing regarding defendant's waiver of his right to a jury trial, the State introduced an excerpt of the trial transcript showing the colloquy between the trial judge and defendant before the matter proceeded to a bench trial. The transcript shows the trial judge advised defendant he had a Constitutional right to a trial by jury. Defendant specifically stated he understood his right and that he wanted to waive that right. The trial judge asked defendant if he had any questions about what he was doing to which defendant replied, "[f]rom what I understand, the jury portion I'm turning over into your hands." In response, the trial judge explained that defendant "was allowing the judge to make the determination of guilt or innocence."
The trial judge then inquired into defendant's educational background and learned defendant was a high school graduate, had the sixth highest SAT score in California upon graduation, completed two years of college, and served in the military. Defendant stated he was not under the influence of any medication or narcotic drugs. He further stated his attorney had been very helpful and had explained everything, commenting that his attorney had "[gone] out of his way to explain" things.
At the hearing on remand, defendant argued he was not fully aware of the potential danger of having a judge trial. He stated he was not aware of the advantage of a jury trial; specifically, that ten people would have had to agree to convict him had he proceeded to a jury trial. Defendant acknowledged he had read the trial transcript where he waived his right to a jury trial and admitted he had understood his right at the time. However, he stated that upon reflection and consideration, he did not believe he was fully advised of the right.
Based on the excerpt of the trial transcript, the trial judge found defendant had validly waived his right to a jury trial. The trial judge explained defendant was informed of his right to a jury trial and had discussed the ramifications of waiving that right with his attorney.
Similar colloquies have been held to be sufficient for a valid jury trial waiver. In State v. Ruffin, 02-798 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 633, writ denied, *1128 03-3473 (La.12/10/04), 888 So.2d 831, this Court found the defendant knowingly and intelligently waived his right to a jury trial despite the defendant's claim he was unaware his punishment was necessarily confinement at hard labor and that a jury of twelve, ten of who must concur, determined the verdict. This Court noted defense counsel advised the trial judge that the defendant wished to waive his right to a jury trial, that the trial judge asked the defendant on the record whether he wished to waive his right to a jury trial, whether his attorney had explained his right, whether he understood his right, and whether he was choosing to proceed with a judge trial, to all of which the defendant affirmatively replied.
Also, in State v. Quest, 00-205 (La.App. 5 Cir. 10/18/00), 772 So.2d 772, 784, writ denied, 00-3137 (La.11/2/01), 800 So.2d 866, this Court found a valid jury trial waiver where the trial judge personally advised the defendant on the record of his right to a jury trial and the defendant stated he wished to waive his right to a jury trial. This Court noted the transcript revealed the defendant was aware and able to make appropriate answers to his attorney's questions and that the defendant had previous experience as an accused in two criminal proceedings. This Court concluded these factors showed the defendant understood the proceedings and knowingly and intelligently waived his right to a jury trial.
In the present case, the record clearly shows defendant's jury trial waiver was knowing and intelligent. On the record, the trial judge advised defendant of his right to a trial by jury, defendant stated he understood his right, that his attorney had fully explained matters to him, and that he wished to waive his right to a jury trial. In addition, the transcript reveals defendant was well-educated and was not under the influence of any drugs at the time of his waiver. These factors show defendant knowingly and intelligently waived his right to a trial by jury.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant requests an error patent review but did not brief it. In general, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and, State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request.
However, defendant received an errors patent review upon his original appeal. Minor errors were found and addressed in this Court's opinion. State v. Goodwin, 05-51 (La.App. 5 Cir. 6/28/05), 908 So.2d 56, 59-60. Therefore, defendant is not entitled to a second errors patent review. See, State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).