NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1547

STATE OF LOUISIANA

VERSUS

ANTHONY DEAN CRAIG

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,505
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Don M. Burkett**
**District Attorney**
**Anna L. Garcie**
**Assistant District Attorney**
**Eleventh Judicial District**
**Post Office Box 1557**
**Many, Louisiana 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Michael M. Evans, II**
**416 North Pine Street**
**DeRidder, Louisiana 70634**
**(337) 462-5225**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Anthony Dean Craig**

PETERS, J.

The State of Louisiana charged the defendant, Anthony Dean Craig, by grand jury indictment with the offense of aggravated rape, a violation of La.R.S. 14:42. A bench trial resulted in the trial court finding the defendant guilty of the lesser and included offense of sexual battery, a violation of La.R.S. 14:43.1. Subsequently, the trial court sentenced the defendant to serve twenty-five years at hard labor, without the benefit of parole, probation, or suspension of sentence. The defendant then perfected this appeal, asserting two assignments of error. For the following reasons, we affirm the defendant's conviction.

## DISCUSSION OF THE RECORD

In June of 2007, the mother of C. H.[1] discovered her son and two other children in a closet with their pants down. At the time, C.H. was five years old. After some extended questioning, C.H. told his mother that he learned this behavior when the defendant, who was a next-door neighbor, had touched and licked his penis. Law enforcement personnel were contacted, and the subsequent investigation resulted in the defendant being charged by a grand jury with aggravated rape.

The grand jury indicted the defendant on August 13, 2007, and he entered a not guilty plea to the charges at his arraignment on August 23, 2007. Trial was held on July 2, 2009, and sentencing occurred on September 7, 2009. In his appeal, the defendant does not challenge the verdict directly, nor does he challenge his sentence. Instead, he asserts the trial court erred in denying him a jury trial and that his trial counsel was ineffective.

---

[1]We will refer to the child by his initials as required by La.R.S. 46:1844(W).

## OPINION

### *Assignment of Error Number One*

With regard to the defendant's first assignment of error, we find that the defendant waived his right to a jury trial on two occasions. The first occurred at a hearing on February 17, 2009, and the second immediately before trial began on July 2, 2009.

During the litigation, the trial court had set and continued numerous trial and pre-trial dates. The February 17, 2009 hearing was one of the pre-trial conference dates that was continued after some activity toward resolution of the litigation, and included an on-the-record discussion of various issues, including the defendant's right to a jury trial. When the waiver issue was presented, the trial court placed the defendant under oath and questioned him extensively concerning the waiver of a jury trial. During the questioning by the trial court, the defendant stated that he was forty-four years of age; had completed high school and could read, write, and speak the English language; was not under a physician's care for physical or mental problems; and was not under the influence of alcohol, drugs, or medications. The defendant further stated that he had discussed the waiver issue with his attorney and was satisfied with his attorney's advice; that he understood that he was charged with a felony and was entitled to a jury trial; and that he wished to waive his Constitutional right to a jury trial. The trial court found the waiver to be knowing, intelligent, and voluntary on the part of the defendant.

Immediately before the trial began on July 2, 2009, and after the defendant was placed under oath, the following colloquy took place between the defendant and the trial court:

THE COURT: Sir, is there anything you would like to say?

DEFENDANT-CRAIG: Yes, sir. I believe we can work this out. I want to state for the record that I'd like to have a jury trial and beyond that, I assume that's up to you.

THE COURT: You had waived your right to a trial by jury, correct?

DEFENDANT-CRAIG: We met and you asked me, yes, sir.

THE COURT: Back in February and now you want a trial by jury?

DEFENDANT-CRAIG: Yes, sir.

THE COURT: Let's go off the record for a moment.

(Discussion off the record then hearing resumed)

THE COURT: We had a conversation off the record. So Mr. Craig, after a conversation-- I know on the record before we went off the record, you had indicated that you wanted a jury trial. So is that still your wish?

DEFENDANT-CRAIG: No, Sir.

THE COURT: And would you tell me why it is not your wish?

DEFENDANT-CRAIG: After further consideration, I decided that, in talking with counsel and Your Honor, that the best thing to do is do the bench trial and have you hear the case.

THE COURT: And afterward we talked but I want to make the record clear. I'm not trying to influence you--

DEFENDANT-CRAIG: No, sir.

THE COURT: - regarding a bench trial or a jury trial. That's your choice. That's your call.

DEFENDANT-CRAIG: Yes, sir.

THE COURT: So you wish to have a bench trial?

DEFENDANT-CRAIG: Yes, sir.

THE COURT: Then that's what we'll do.

3

The trial then commenced as a bench trial.

The defendant first asserts that he could not waive a jury trial because he was originally charged with aggravated rape and "procedurally this appears to have been a capital case, for which [t]rial by [j]ury is mandatory." We find this argument to be without merit.

Louisiana Revised Statutes 14:42(D)(1) provides that the general penalty for aggravated rape is "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." However, the statute goes on to provide that if the victim is under the age of thirteen, the state may choose to proceed with the prosecution as a capital offense and seek the death penalty. La.R.S. 14:42(D)(2)(a). If the state decides to prosecute the matter as a capital case, the jury may not be waived. La.Const. art. 1, § 17(A); La.Code Crim.P. art. 780(A); La.Code Crim.P. art. 782(B).

In the matter now before us, the state could have chosen to seek the death penalty, but there is no evidence that it did. In fact, the evidence is to the contrary. At the beginning of the February 17, 2009 hearing, the defendant's counsel announced to the trial court that the state had offered his client a twenty-five-year sentence in exchange for a guilty plea. Again, immediately before the beginning of trial, the defendant's counsel informed the trial court that the offer had been changed to a twelve-year sentence in exchange for a guilty plea to forcible rape. The fifth circuit has held that in an aggravated rape case where the state does not seek the death penalty the defendant is entitled to waive his right to a jury trial. *State v. Singleton*,

4

05-622 (La.App. 5 Cir. 1/31/06), 922 So.2d 647.[2]  Also, as the state observes, *Kennedy v. Louisiana*, ___ U.S. ___, 128 S.Ct. 2641 (2008) invalidated the death penalty for aggravated rape of a child where the crime neither resulted in, nor was intended to result in, the death of the victim.

Because there is nothing in the record to suggest that the state pursued the death penalty, the defendant was not prohibited from waiving his right to trial by jury.

The defendant also argues that he waived his right to a jury trial because he was "misguided as to the merits/benefits of proceeding with a bench trial, as opposed to, the merits/benefits of proceeding with a [j]ury [t]rial."  In essence, he is claiming he received bad advice from his trial counsel.  This argument is in the nature of an ineffective assistance of counsel claim, and is thus related to his second assignment of error.

The defendant also argues that immediately before the trial began, he withdrew his waiver of a jury trial.  While we acknowledge that La.Code Crim.P. art. 780(C) allows a defendant to withdraw his waiver of a jury trial, it is clear from the record before us that the defendant ultimately elected to maintain his waiver.

As pointed out by the second circuit in *State v. Campbell*, 42,099, pp. 8-9 (La.App. 2 Cir. 6/20/07); 960 So.2d 363, 367-68:

> While the trial judge must determine if the defendant's jury trial waiver is knowing and intelligent, that determination does not require a *Boykin*-like colloquy.  *State v. Frank*, 549 So.2d 401 (La.App. 3d Cir.1989);  *State v. Brooks*, 2001-1138 (La.App. 1st Cir.3/28/02), 814 So.2d 72, *writ denied,* 2002-1215 (La.11/22/02), 829 So.2d 1037; *State v. Bell*, 2004-1183 (La.App. 3d Cir.3/2/05), 896 So.2d 1236, *writ denied*, 2005-0828 (La.11/28/05), 916 So.2d 143; *State v. Rideau*, 2005-0462 (La.App. 4th Cir.12/6/06), 947 So.2d 127; *State v. Goodwin*, 06-439 (La.App. 5th Cir.12/27/06), 948 So.2d 1125.

---

[2]In *State v. J.B.B.*, an unpublished appeal bearing docket number 09-746 (La.App. 3 Cir. 12/9/09), this court followed *Singleton*.

Prior to accepting a jury trial waiver, the trial court is not obligated to conduct a personal colloquy inquiring into the defendant's educational background, literacy, and work history. *State v. Allen*, 2005-1622 (La.App. 1st Cir.3/29/06), 934 So.2d 146; *State v. Goodwin*, *supra.* Additionally, nothing in the statutes or the jurisprudence requires the trial judge to inform a defendant of the details involving the number of jurors and the votes necessary for a conviction. *State v. Kenney*, 516 So.2d 175 (La.App. 4th Cir.1987); *State v. Goodwin*, *supra*; *State v. Ruffin*, 02-798 (La.App. 5th Cir.12/30/02), 836 So.2d 625, *writ denied*, 2003-3473 (La.12/10/04), 888 So.2d 831.

We find no merit in this assignment of error.

### *Assignment of Error Number Two*

In this assignment of error, the defendant asserts that his trial counsel was ineffective in that he (1) failed to establish an alibi defense; (2) failed to retain forensic psychiatry expert witnesses to testify as to the dynamics of child sexual assault victims; (3) failed to call character witnesses to establish the defendant's propensities toward minor children; (4) failed to object to the repeated attempts by the state to treat fact witnesses as experts within the field of sexual abuse; (5) failed to object to the introduction of the defendant's criminal record and allowed the state to discuss every arrest he had been subject to; (6) failed to object to the introduction of evidence relative to the defendant's sexual orientation; and (7) did not ask for a mistrial when the victim failed on four occasions in open court to identify the defendant as the perpetrator.

The analysis to be applied to an ineffective assistance of counsel argument is well settled.

Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. *State v. Prudholm*, 446 So.2d 729 (La.1984); *State v. Johnson*, 557 So.2d 1030 (La.App. 4 Cir.1990); *State v. Reed*, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence

to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. *State v. Seiss*, 428 So.2d 444 (La.1983); *State v. Ratcliff*, 416 So.2d 528 (La.1982); *State v. Garland*, 482 So.2d 133 (La.App. 4 Cir.1986); *State v. Landry*, 499 So.2d 1320 (La.App. 4 Cir.1986).

The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Fuller*, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland*, *supra*, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, *supra*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La.App. 4 Cir.1992).

This Court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." *State v. Bienemy*, 483 So.2d 1105 (La.App. 4 Cir.1986). Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." *State v. Brooks*, 505 So.2d 714, 724 (La.1987).

*State v. Griffin*, 02-1703, pp. 8-10 (La.App. 4 Cir. 1/15/03), 838 So.2d 34, 40, *writ denied*, 03-809 (La. 11/7/03), 857 So.2d 515.

*See also State v. Schexnaider*, 03-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, wherein this circuit adopted this analysis as its own.

In applying the analysis set forth in *Griffin*, we find that the issues raised and identified as the alibi defense, the failure to call expert witnesses, and the failure to call character witnesses would more properly be addressed in an application for post

7

conviction relief where a full evidentiary hearing can be conducted.  Therefore, we will not consider them at this time.

The defendant next argues that his trial counsel was ineffective because not only did he fail to object to repeated attempts by the state to treat fact witnesses as experts within the field of sexual abuse, but he treated the fact witnesses as experts as well. In his brief to this court, the defendant does not point to any specific example of the state's use of fact witnesses as experts, but does mention specific examples of his own counsel treating them as such.  For example, when trial counsel cross-examined Sabine Parish Sheriff's Deputy David Hall:

> Q      Let me ask it again.  Is it unusual, based on the experience you've had as a police officer investigating these crimes, is it unusual for a child to number one, voluntarily go back to the scene of where this contact occurred?
>
> A      No.
>
> Q      That's not unusual.  Have you ever had a case where a child would do that?
>
> A      No.
>
> Q      Why do you think that is not unusual?
>
> A      Because he's five years old.
>
> Q      You'll have to elaborate on your answer.  I don't understand.
>
> A      He don't know what's right and wrong at five years old.
>
> Q      You don't think he knows that that's wrong?
>
> A      No.
>
> Q      What if he testified in a later statement that he thought that that conduct was evil, would that surprise you?
>
> A      Could be.

Q      Well, if he believes that that conduct is evil, using his words, why would he voluntarily go back to the place where this happened, can you answer that?

A      No.

Q      In your experience, would that be an unusual act?

A      Yeah.

The record establishes that the defendant's trial counsel engaged in similar colloquies with Kathy Hippler, an investigator with the State of Louisiana Office of Community Services, and with McKenzie Gauthier, a former forensic interviewer for the Rapides Children's Advocacy Center.

Applying the *Griffin* analysis, we find that the defendant's trial counsel's questioning of these witnesses is defensible based on trial strategy. Clearly, the defendant's trial counsel was focusing on the possibility that the victim continued to visit the residence the defendant shared with the defendant's mother, even after the sexual battery took place. In each instance, the state's redirect focused on the same points, and the defendant's trial counsel filed to object. However, the defendant's trial counsel's questions "opened the door" to the state's redirect and objections would have been futile. *State v. Gunnells*, 619 So.2d 192 (La.App. 3 Cir.), *writ denied*, 625 So.2d 1061 (La.1993). Although the defendant's trial counsel's approach entailed some risk, we cannot say it fell outside the ambit of trial strategy. Thus, this portion of the assignment of error lacks merit.

The defendant next argues that his trial counsel was incompetent in allowing the state to examine him concerning his criminal record. However, in brief the defendant appears to concede that it is unclear whether his case suffered any prejudice from the revelation of his criminal record. Furthermore, the risk of such revelations is inherent

9

in the decision of a criminal defendant to testify on his own behalf, and this was another decision that fell within the ambit of trial strategy. La.Code Crim.P. art. 609.1. Therefore, this portion of the assignment of error lacks merit.

With regard to the introduction of evidence concerning his sexual orientation, the defendant again concedes the prejudice is unclear, but he argues that both he and his mother were extensively questioned at trial regarding his homosexuality. Even if improper, the introduction of evidence regarding a defendant's homosexuality can be harmless. *State v. Taylor*, 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336. Additionally, because the defendant can point to no prejudice from the evidence, his argument fails to overcome the second prong of *Strickland.* Thus, we find no merit in this portion of the assignment of error.

Finally, the defendant asserts that his trial counsel failed to seek a mistrial after the victim failed in four attempts to identify him in open court. The state responds that lack of identification or misidentification are not grounds for mistrial. As the state observes, the relevant article is La.Code Crim.P. art. 775, which states:

> A mistrial may be ordered, and in a jury case the jury dismissed, when:
>
> (1) The defendant consents thereto;
>
> (2) The jury is unable to agree upon a verdict;
>
> (3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
>
> (4) The court finds that the defendant does not have the mental capacity to proceed;
>
> (5) It is physically impossible to proceed with the trial in conformity with law; or
>
> (6) False statements of a juror on voir dire prevent a fair trial.

> Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
>
> A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.

Although the defendant's complaint does not fit within La.Code Crim.P. art. 775, his trial counsel could have moved for an acquittal pursuant to La.Code Crim.P. art. 778 based on the lack of identification evidence. Although the trial counsel made no such motion, we note that in his closing argument, his first point was that the victim had been unable to identify the defendant in court. Thus, the trial counsel placed this issue directly before the trial court, and his performance related to it cannot be said to be deficient for *Strickland* purposes. Thus, this portion of the assignment of error lacks merit as well.

## DISPOSITION

We affirm the defendant's conviction in all respects. We relegate his arguments concerning ineffective counsel relative to an alibi defense, failure to retain expert witness(es), and failure to adduce character testimony to the post conviction relief process.

**AFFIRMED.**

> **This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**

11