842 So.2d 321 (2003)
STATE of Louisiana
v.
Deidre Antoinette PIERRE.
No. 2002-K-2665.
Supreme Court of Louisiana.
March 28, 2003.
*322 PER CURIAM.
Writ Granted; Conviction and Sentence Reinstated; Case Remanded. Although it remains the preferred method for the district court to advise a defendant of her right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. See La.C.Cr.P. art. 780; State v. Kahey, 436 So.2d 475, 486 (La.1983); State v. Muller, 351 So.2d 143, 146-47 (La.1977). Likewise, it is preferred but not necessary, for the defendant to waive her right to jury trial personally. State v. Wolfe, 98-0345, pp. 6-7 (La.App. 4th Cir.4/21/99), 738 So.2d 1093, 1097. Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently. Id.; Kahey, 436 So.2d at 486-87.
In the instant case, the record reflects that counsel waived a jury trial on the defendant's behalf. On the second day of trial, the district court memorialized the defendant's earlier waiver in her presence. At this time, defense counsel stated that he and his client had discussed the waiver at length and on several occasions, and that both agreed to the waiver. In these circumstances, the court of appeal erred in its determination that the defendant did not waive her right to a jury trial knowingly and intelligently.
Accordingly, we reverse the court of appeal, reinstate the defendant's conviction and sentence, and remand the case to the court of appeal to consider the defendant's remaining claims.