960 So.2d 363 (2007)
STATE of Louisiana, Appellee,
v.
Arthur Stephens CAMPBELL, Appellant.
No. 42,099-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*364 Laura M. Pavy, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, J. Dhu Thompson, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, J.
Following a bench trial, the defendant, Arthur Stephens Campbell, was convicted as charged of armed robbery and simple kidnapping. The trial court adjudicated him to be a second felony offender. As such, he was sentenced to 51 years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge. He was given a concurrent sentence of five years at hard labor on the simple kidnapping charge. The defendant appealed. We affirm the defendant's convictions and sentences.

FACTS
On April 23, 2004, the victim, Oliver Foster, was at the Disco Nine Thousand Club in Shreveport when he met Charlene Johnson, Gregory Johnson, and the defendant. The victim agreed to give Charlene Johnson and the defendant a ride from the club. Gregory Johnson followed behind in another vehicle with some friends. After leaving the club, they arrived at the residence of William Campbell, the defendant's brother.
Upon arriving at the residence, the victim, Charlene Johnson, and the defendant exited the victim's vehicle. The next thing that the victim recalled was being hit by two males. The victim was beaten with the butt of a rifle and robbed of $35 by William Campbell and the defendant.
After the beating, the victim was forced into the backseat of his vehicle by the defendant. Gregory Johnson got in the driver's seat while Charlene Johnson got in the front passenger seat. As they drove along, the defendant and the victim began to struggle in the backseat. The defendant yelled for help, and Charlene Johnson took a knife from her purse and began stabbing the victim's leg repeatedly. Thereafter, Gregory Johnson stopped the vehicle, and the victim was thrown out of the vehicle. After his attackers fled in his vehicle, the badly beaten victim flagged down a police officer and was taken to the hospital by ambulance. At some time during the ordeal, the victim's bottom lip was badly lacerated.
The police developed Charlene Johnson, the defendant, and William Campbell as suspects after Gregory Johnson came forward with information about the incident. While the victim was unable to pick the defendant out of a photo lineup, he was able to identify Charlene Johnson from one. She was arrested and eventually gave a statement detailing what happened on the night of the attack.
The defendant was arrested on charges of simple kidnapping and armed robbery. *365 In September 2005, he waived his right to a jury trial, opting to be tried by a judge alone. Following a bench trial in December 2005, he was convicted of both offenses.
The state filed a second felony habitual offender bill asserting that the defendant had a 2000 felony conviction of possession of a firearm by a convicted felon for which he had been sentenced to six and a half years at hard labor without benefits.[1] The defendant's motion to quash the habitual offender bill was denied, and the trial court adjudicated him to be a second felony offender. The defendant also filed a motion for judgment of acquittal which was denied, as was a motion to deviate from the habitual offender sentence.
The trial court sentenced the defendant to 51 years at hard labor without benefit of parole, probation or suspension of sentence as a second felony offender on the armed robbery charge. A sentence of five years at hard labor was imposed for the simple kidnapping charge. The court directed that the sentences be served concurrently. A timely motion to reconsider sentence was denied.
The defendant appealed, asserting three assignments of error.

SUFFICIENCY OF EVIDENCE

Law
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. The reviewing court accords great deference to the judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Morrison, 40,852 (La.App.2d Cir.4/12/06), 927 So.2d 670.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion. *366 State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 35.
In cases involving a defendant's claim that he was not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Powell, 27,959 (La.App.2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
La. R.S. 14:64 defines armed robbery as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

Discussion
The defendant asserts that the testimony of Charlene Johnson and Gregory Johnson was "simply insufficient" to convict him on the charge of armed robbery because they were "compromised" and trying to "save" themselves.
A review of the evidence shows that the victim left the club with Charlene Johnson and the defendant and that Gregory Johnson followed in another car.[2] Upon their arrival at a house, all parties exited the vehicles and walked toward the house. The victim was attacked by two men, one of whom was armed with a rifle, and robbed of $35. He was then forced back into his vehicle. Also occupying the vehicle were Charlene Johnson, Gregory Johnson, and the defendant. During an ensuing struggle between the victim and the defendant, Charlene Johnson assisted the defendant by stabbing the victim in the leg. The victim was then thrown from his vehicle. The three remaining occupants fled in the vehicle, which they later abandoned.
Although the victim was unable to identify the defendant, he was able to identify Charlene Johnson. She initially refused to assist the police in their investigation. However, she eventually cooperated and implicated the defendant. Gregory Johnson likewise provided information of the defendant's involvement in the beating and robbery of the victim. Both testified that they were in a room of the house with William Campbell's girlfriend and heard the victim being beaten. Charlene Johnson testified that she saw William Campbell with a rifle that night immediately after the beating and that he told her and Gregory that the defendant wanted them. Gregory Johnson testified that he was aware that the defendant's brother had guns in his house. When they saw the victim again, he had been badly beaten; the defendant was in close proximity to the victim. Charlene Johnson and Gregory Johnson testified that they left the house in the victim's vehicle with the victim and the defendant in the backseat and that the victim began to struggle with the defendant. Charlene Johnson admitted coming to the defendant's aid by stabbing the victim in the leg.
The defendant presented the testimony of the woman who raised him as an alibi witness. She testified that on the night of the victim's attack, she woke up several times and that the defendant was there, staying on her couch, "as far as I know." She admitted that she never spoke to the police about the defendant's alleged alibi *367 and that she did not speak to defense counsel until the defendant had been in jail for two months.
As previously noted, a reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. The trial judge was well aware of the circumstances surrounding the testimony of the witnesses. In particular, the judge had been informed of Charlene Johnson's plea bargain and the state's grant of immunity to Gregory Johnson. The trial judge evaluated the credibility of the witnesses and chose to reject the testimony of the defendant's alibi witness. Instead the judge accepted the testimony of Charlene Johnson and Gregory Johnson, both of whom admitted to wrongdoing in the incidentCharlene to stabbing the victim in the leg with a knife, and Gregory to driving the victim's vehicle after he had been brutally beaten. After viewing all of the evidence in the light most favorable to the prosecution, we conclude that it was reasonable for the trial court to find that the defendant was guilty of every essential element of the offense of armed robbery against the victim beyond a reasonable doubt.
This assignment of error is without merit.

WAIVER OF JURY TRIAL

Law
A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. La. C. Cr. P. art. 780. The trial judge may accept a waiver of a jury trial at any time prior to the commencement of trial. La. C. Cr. P. art. 780(B). A waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475, 486 (La. 1983); State v. Richardson, 39,456 (La. App.2d Cir.3/2/05), 896 So.2d 257, writ denied, XXXX-XXXX (La.11/29/05), 916 So.2d 165; State v. Lokey, 04-616 (La.App. 5th Cir.11/30/04), 889 So.2d 1151, writ denied, XXXX-XXXX (La.5/6/05), 901 So.2d 1093. Because of the importance attached to the right to a jury trial, a trial judge must exercise great care in allowing a criminal defendant to waive the right. State v. Kahey, supra; State v. Richardson, supra.
Although it remains the preferred method for the district court to advise a defendant of the right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. State v. Kahey, supra; State v. Pierre, 2002-2665 (La.3/28/03), 842 So.2d 321; State v. Davis, 41,180 (La.App.2d Cir.11/3/06), 942 So.2d 1196. Likewise, it is preferred, but not necessary, for the defendant to waive the right to jury trial personally. State v. Pierre, supra; State v. Davis, supra. Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently. State v. Pierre, supra; State v. Davis, supra.
While the trial judge must determine if the defendant's jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. State v. Frank, 549 So.2d 401 (La.App. 3d Cir. 1989); State v. Brooks, XXXX-XXXX (La.App. 1st Cir.3/28/02), 814 So.2d 72, writ denied, XXXX-XXXX (La.11/22/02), 829 So.2d 1037; State v. Bell, XXXX-XXXX (La.App. 3d Cir.3/2/05), 896 So.2d 1236, writ denied, XXXX-XXXX (La.11/28/05), 916 So.2d 143; State v. Rideau, XXXX-XXXX (La.App. 4th Cir.12/6/06), 947 So.2d 127; State v. Goodwin, 06-439 (La.App. 5th Cir.12/27/06), 948 So.2d 1125.
Prior to accepting a jury trial waiver, the trial court is not obligated to *368 conduct a personal colloquy inquiring into the defendant's educational background, literacy, and work history. State v. Allen, XXXX-XXXX (La.App. 1st Cir.3/29/06), 934 So.2d 146; State v. Goodwin, supra. Additionally, nothing in the statutes or the jurisprudence requires the trial judge to inform a defendant of the details involving the number of jurors and the votes necessary for a conviction. State v. Kenney, 516 So.2d 175 (La.App. 4th Cir.1987); State v. Goodwin, supra; State v. Ruffin, 02-798 (La.App. 5th Cir.12/30/02), 836 So.2d 625, writ denied, XXXX-XXXX (La.12/10/04), 888 So.2d 831.

Minutes and Transcript
The court minutes for September 9, 2004, show that the defendant was present in court with counsel, waived arraignment and pled not guilty. The trial court informed the defendant that he could waive jury trial and elect to be tried by the court. The court minutes and the transcript for September 20, 2005, reflect that the defendant, in the presence of his counsel, Michael Bowers, waived his right to a jury trial and elected to be tried by a judge. The transcript contains the following recitation:
MR. BOWERS: I'm sorry, your Honor. In regards to the jury trial setting, Mr. Campbell has expressed his wish to me that he wishes to waive his right to a jury trial and ask for a bench trial in this matter.
THE COURT: Mr. Campbell, do you understand that you have a right to a trial by jury?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that if you waive or give up that right, then the judge will hear your case?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that if the judge hears your case and you are ultimately convicted of the charge, it would also be the same judge to sentence you? Do you understand that?
THE DEFENDANT: Yes, ma'am.
THE COURT: Understanding all of that, do you still wish to waive and give up the jury?
THE DEFENDANT: Yes, ma'am.
THE COURT: So ordered.

Discussion
The defendant argues that the trial court's advisal of his right to a jury trial was too general for the defendant to make a knowing and intelligent waiver. Specifically, he claims that the trial court should have advised him that he had a right to a 12-person jury, that 10 of those jurors would have to agree on a verdict, and that "it would have been to his advantage to have a jury decide his guilt or innocence."
The defendant, with counsel, personally appeared before the trial court, and defense counsel informed the judge of the defendant's desire to waive the jury trial. After the trial court addressed the defendant and discussed the ramifications involved, the defendant reiterated his intention to waive the jury trial. The trial court then accepted the waiver.
Contrary to the defendant's assertion, the trial court was only required to determine whether the defendant's waiver was made knowingly and intelligently. That determination did not require a Boykin-like colloquy or a discussion regarding jury size and number of jurors required for a verdict. Thus, the trial court did not err in accepting the defendant's waiver and permitting the defendant to proceed to trial before the judge alone.
*369 This assignment is therefore without merit.

ERROR PATENT
In his final assignment of error, the defendant requested that this court review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556; State v. Jones, 41,628 (La. App.2d Cir.1/24/07), 948 So.2d 356. We have reviewed the record for errors patent and found none.

CONCLUSION
The defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The defendant was a convicted felon at that time by virtue of a 1993 conviction for possession of cocaine.
[2] Although Charlene Johnson and Gregory Johnson both testified that Gregory was in a separate car, the victim testified that he was a passenger in the victim's vehicle.