DREW, J.
_J_1Raffaelous Jechania White was convicted of distribution of a Schedule II Controlled Dangerous Substance. As a *495 fourth-felony[1] offender, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. He now appeals. We affirm.
FACTS AND PROCEDURAL BACKGROUND
Defendant was charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967(A)(1). A jury trial set for November 17, 2008, was continued. The next day, in open court along with his attorney, defendant waived his right to jury trial.[2] Bench trial was had the next day. Three witnesses testified: two police officers and the defendant.
Corporal Steve McKenna, of the Shreveport Police Department (“SPD”), testified that on June 12, 2008, the street-level narcotics unit was | .¿conducting a buy-bust operation.[3] The officer was traveling undercover in an unmarked vehicle equipped with a transmitter capturing audio and video.
The salient events occurred in the parking lot of the Alpine Liquor Store. McKenna sat in his vehicle, waiting for another subject who had been given SPD funds[4] to return with some drugs. White approached and told McKenna that the man would not be returning. He entered the car and the two discussed where to buy drugs. White offered to get him some dope.
McKenna drove him to another location, and gave him $40 for some drugs. When White returned with drugs in his left hand, he asked McKenna to drive away. While the car was moving, White gave the dope to the officer, requested to exit the car, and asked for a pinch of the crack. McKenna complied, then signaled that the deal had been completed. The arrest team moved in and made the arrest. McKenna identified White in court as the drug seller. He further identified the rocks that were the subject of the transaction, and also identified the videotape of the proceedings, all offered without objection.
Agent Chad Denham, also with the Shreveport Police Department, testified *496 that he was the case agent and part of the arrest team for the buy-bust operation. He followed Agent McKenna, staying about a half-block away. The transmitter device in McKenna’s vehicle allowed Den-ham to overhear defendant and McKenna discussing a drug transaction. He also | asaw defendant exit the vehicle and approach a residence at the corner of Has-sett and Sumner Streets. His team moved in for the arrest once signaled by McKen-na. Denham found approximately one-tenth of a gram of crack cocaine on defendant’s person. Denham identified defendant in open court.
The defendant essentially confessed on the witness stand, testifying that:
• on the date in question, he went to the liquor store to buy an over-the-counter medicine for a headache;
• as he sat down to take his medicine, McKenna called him over and questioned him about the man that had just left his car;
• the officer asked him where he could get some good dope;
• he entered McKenna’s vehicle and provided directions to a location;
• upon arrival, McKenna gave him $40 and he went to get the drugs;
• when he returned he asked McKenna for a piece of the crack; and
• he is not a drug seller; instead, he is a drug user.
The court found defendant guilty as charged, ordering a presentence investigation report. Defendant’s motion for new trial and a motion for post verdict judgment of acquittal and/or to modify verdict were denied, on December 28, 2008, and January 8, 2009, respectively. Defendant filed pro se motions for a new trial on January 8 and February 5, 2009.
In the meantime, the state filed a habitual offender bill of information, later amending the bill to allege that defendant was a fourth felony offender. On March 16, 2009, the court adjudicated him as such under La. R.S. 15:529.1(A)(l)(b)(ii), and sentenced him to life imprisonment without benefit of probation, parole or suspension of sentence. After a remand, we |4now have the case properly before us.[5]
DISCUSSION

Waiver of Jury Trial

Defendant argues that although the record contains a minute entry which states that he waived his right to a jury trial, the record, nonetheless, lacks any transcripts which reflect that the defendant validly waived his constitutional right to trial by jury.[6] The state responds that he knowingly waived his right to a jury trial on the day scheduled for jury trial, *497 attempting to delay his fate. Our law on jury trial waivers is well settled.[7]
The court minutes on the waiver are more than sufficient. It is incredible that a defendant with the criminal justice experience of this 1 ¡¡person [8] could possibly have not understood his actions.

Admission of Cocaine into Evidence

Defendant argues that the cocaine introduced at trial was not the same substance in play on June 12, 2008. The state responds that the cocaine was introduced without objection.[9] Agent McKenna testified:
• that he received two crack cocaine rocks from defendant for $40.00;
• that defendant asked for and got a piece of the crack cocaine; and
• that the three rocks shown him were the drugs involved in this case.
Since the bag of crack was admitted without objection, defendant cannot now raise this issue. La. C. Cr. P. art. 841; State v. Shumaker, 40,275 (La.App.2d Cir.10/28/05), 914 So.2d 1156.

Excessive Sentence

Defendant argues that the trial court failed to consider his culpability, this offense’s gravity, and the case’s circumstances. Claiming this crime was not harmful to society and nonviolent, he argues this sentences is excessive.
The state argues that the life sentence imposed is mandated for a fourth felony offender and because of his horrific life of crime. Also, the defendant failed to prove that he falls within the rare case requiring a downward departure from that required by La. R.S. 15:529.1(A)(2)(c)(ii).[10]
16Our law on mandated sentences is well settled.[11]
*498 The mandatory sentence of life imprisonment without the benefit of parole, probation or suspension of sentence imposed upon defendant was not excessive. The trial court explained that based upon the prior finding that defendant was a fourth felony[12] offender, a life sentence is mandated.
Defendant has failed to rebut the presumption that the mandatory sentence is constitutional. He has not demonstrated that he is “exceptional” |7such that the mandated sentence is too harsh. See State v. Robbins, 43,240 (La.App.2d Cir.6/4/08), 986 So.2d 828, 837, writ denied. Defendant asserts that this instant crime is nonviolent. He is an admitted gang member. His past criminal record includes violent crimes. Nonviolence on the instant offense does not, in and of itself, justify a lesser sentence. See State v. Johnson, 1997-1906 (La.3/4/98), 709 So.2d 672; State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied. The sentence he received was appropriate.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. Transcript from November 18, 2008:
MR. BROWN: And, Your Honor, the next case is — -let's call the case of White. Raffae-lous White, 269,119. Your Honor, he is present with defense counsel, Mr. Rubenstein before the Court today in 269,119. This is before the Court today for a trial The State is prepared to proceed also.
MR. RUBENSTEIN: Your Honor, I believe we would ask for a bench trial at this time. THE COURT: Mr. White, your attorney advised me that you desire to be tried by a judge alone; is that correct?
THE DEFENDANT: Yes, sir.
THE COURT; Now, do you understand if you give up this right to jury trial then you are bound by either myself or some other judge that will be — that may be sitting in this courtroom to try your case and that person, the judge alone will decide whether or not. you did this?
THE DEFENDANT: Yes, sir.
THE COURT: That's what you want to do? THE DEFENDANT: Yes, sir.
THE COURT: He has waived his right to jury so you can set it for a non-jury week.
MR. BROWN: Well, Your Honor, let's keep it on track for this week. We might be able to get to it, and bring it back tomorrow for a bench trial.
THE COURT: All right. We will fix it for November the 19th for possible bench trial.

. In a buy-bust operation, an undercover narcotics agent poses as a drug user/buyer in areas known for open narcotics sales. There is an arrest team assigned to the buy-bust operation. The team moves in upon a prearranged signal from the undercover officer.

. Money marked by serial numbers by the Shreveport Police Department which is used to purchase narcotics.

. On March 18, 2009, defense counsel filed a motion to reconsider sentence. A week later, defendant filed a pro se motion to reconsider sentence. At a hearing on July 28, 2009, the court denied defendant’s motion to deviate from the required sentence, while also confirming that the court previously denied counsel's motion for new trial and motion for post judgment verdict of acquittal. Defendant then appealed.
An error patent review by this court revealed that the defendant’s pro se motions were not decided by the trial court. We remanded for resolution of the pending motions, while reserving defendant’s appeal rights.
Pursuant to this court's remand order, the trial court denied all of defendant's pro se motions for new trial, and again sentenced defendant to the mandatory sentence found in La. R.S. 15:529.1 (A)( 1 )(b)(ii), life imprisonment without benefit of probation, parole or suspension of sentence.

. Neither side has ever filed a formal motion to supplement the record with the transcript of the waiver. We did, and it is sufficient. See Footnote 2, supra.

. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. La. C. Cr. P. art. 780. The trial judge may accept a waiver of a jury trial at any time prior to the commencement of the trial. La. C. Cr. P. art. 780(B). It is preferred, but not necessary, for the defendant to waive the right to jury trial personally. Counsel for the defendant may waive the right on the defendant's behalf, provided the defendant's decision to do so was made knowingly and intelligently. State v. Pierre, 2002-2665 (La.3/28/03), 842 So.2d 321. While the trial judge must determine if the defendant’s jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. State v. Campbell, 42,099 (La.App.2d Cir.6/20/07), 960 So.2d 363, citing State v. Frank, 549 So.2d 401 (La.App. 3d Cir.1989). Prior to accepting a jury trial waiver, the trial court is not obligated to conduct a personal colloquy inquiring into the defendant's educational background, literacy, and work history. State v. Campbell, supra, citing State v. Allen, 2005-1622 (La.App. 1st Cir.3/29/06), 934 So.2d 146.

. Defendant’s many filings show considerable knowledge of the court system.

. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841. Failure to object to the introduction of evidence at trial precludes raising the issue on appeal. State v. Shumaker, 40,275 (La.App.2d Cir.10/28/05), 914 So.2d 1156.

. "If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.” This provision is now designated as R.S. 15:529.1(A)(4)(b) pursuant to 2010 La. Acts No. 973, § 2, effective July 6, 2010.

. Where there is a mandatory sentence, there is no need for the trial court to justify, under Article 894.1, a sentence that it is legally required to impose. State v. Burd, 40,480 *498 (La.App.2d Cir. 1/27/06), 921 So.2d 219, writ denied. Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court's compliance with La. C. Cr. P. art. 894.1 is not required. State v. Thomas, 41,734 (La.App.2d Cir. 1/24/07), 948 So.2d 1151, writ denied. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. State v. Johnson, 31,448 (La. App.2d Cir.3/31/99), 747 So.2d 61, writ denied. Mandatory life sentences required by the habitual offender laws are presumptively constitutional and should be accorded great deference by the judiciary. State v. Johnson, 1997-1906 (La.3/4/98), 709 So.2d 672; State v. Wade, 36,295 (La.App.2d Cir. 10/23/02), 832 So.2d 977, writ denied.
In State v. Dorihey, 623 So.2d 1276 (La. 1993), and State v. Johnson, supra, the supreme court addressed the issue of mandatory sentences in the context of the habitual offender law. The court held that the downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is exceptional, namely, that he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender, and the circumstances of the case. Furthermore, a trial judge may not rely solely upon the nonviolent nature of the instant or past crimes as evidence which justifies rebutting the presumption of constitutionality. The lack of violence cannot be the main reason for declaring such a sentence excessive. State v. Robbins, 43,240 (La. App.2d Cir.6/4/08), 986 So.2d 828, writ denied.

. Actually, the PSI reflects an extensive list of crimes, starting with a significant juvenile record. His adult convictions include at least 20 misdemeanor convictions, as well as these seven felonies; Simple robbery (1991); Felony theft (1995); Accessory after the fact to armed robbery (1998); Unauthorized entry of an inhabited dwelling (1999); Simple robbery (2004); Simple escape (2006); and this offense, Distribution of Cocaine (2008). The PSI reports that the defendant, through these two decades of criminality, has never sought treatment for his alleged drug problem.