WEIMER, Justice.
|1 We granted certiorari to resolve a dispute as to the proper application of La. Const, art. I, § 17 in the factual setting of this case. Article I, § 17 was amended in 2010 to provide that “[ejxcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” [1] Specifically, we granted certio-rari to determine whether, consistent with this constitutional provision, a defendant loses the right to waive a trial by jury when the initial trial date was set within forty-five days of a pretrial proceeding and the district court indicated to the defendant a waiver was permissible. Finding that the court of appeal erred in ruling the defendant should not be allowed to waive his right to trial by jury under the unique facts of this case, we reverse the decision of the court of appeal and reinstate the ruling of the district court permitting the defendant to waive his right to trial by jury.
|2 FACTS AND PROCEDURAL BACKGROUND
On September 29, 2009, defendant Gerald Chinn was charged by bill of information with three counts of attempted first degree murder and one count of aggravated criminal damage to property, offenses allegedly committed on July 80, 2009. Following a series of preliminary motions, a status conference was convened on August 29, 2011. At that time, the State requested that the trial be set for October 11, 2011, a date forty-three days away. This trial date was the initial trial fixing. Defense counsel agreed to the trial date with the caveat that her client be allowed to waive his right to trial by jury. Following a brief colloquy with the defendant, the district court accepted the defendant’s jury-trial waiver, but the State objected, stating:
Your Honor, let me make something clear. The date that we have selected is inside the 45 days as required by the constitution. That date will be a jury trial date.
The State candidly explained: ‘Your Honor, the State’s rushing this trial date in order to get a jury trial.” Implicitly overruling the State’s objection, the district court ordered that a bench trial, as requested by the defendant, be held on October 11, 2011.
*326 The State sought supervisory review of the district court’s ruling. The court of appeal granted the State’s application and reversed the district court. Citing La. Const, art. I, § 17(A), the appellate court ruled that the district court erred in allowing the defendant to waive his right to a jury trial less than forty-five days prior to the scheduled trial date. State v. Chinn, 11-1632 (La.App. 1 Cir. 9/15/11) (unpub’d). One member of the panel concurred to explain further:
The Louisiana Constitution provides that trial in a felony “shall” be by jury. La. Const, art. I, § 17(A). Under certain circumstances the defendant may waive that right: “Except in capital cases, a defendant |3 may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” La. Const, art. I, § 17(A). The time limit was added to this provision by amendment in 2010. Defendant’s request to waive trial by jury in this case occurred after the effective date of the amendment, forty-three days before the scheduled trial date, and almost two years after the bill of information was filed. Although the trial court prior to the constitutional amendment had discretion to allow waiver at any time prior to the commencement of trial (see La.Code Crim. P. art. 780(B)), the amended provision in the constitution no longer allows such discretion for waivers taking place less than forty-five days prior to the trial date. The constitution is the supreme law of this state, to which all legislative acts must yield. When a statute conflicts with a constitutional provision, the statute must fall. M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La.7/1/08), 998 So.2d 16, 32. Accordingly, as to the trial date scheduled for October 11, defendant’s waiver of a jury trial came too late.
Id., (Kuhn, J., concurring).
The defendant applied for supervisory review to this court. We granted that application to consider whether, under the unique facts of this case, the provisions of La. Const, art. I, § 17(A) were properly applied by the appellate court. State v. Chinn, 11-2043 (La.10/5/11), 73 So.3d 368.
DISCUSSION
Before its 2010 amendment, La. Const, art. I, § 17(A) provided in pertinent part:
Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury.
The time for effectuating this waiver was fixed by La.C.Cr.P. art. 780(B) as follows:
The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with the permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.[2]
L4 Louisiana C.Cr.P. art. 521 set forth time limits as follows:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
The constitutional provision bestowed a right upon defendants to waive the right to *327 a trial by jury. That right was statutorily subject to two relevant time periods: (1) the fifteen-day period following arraignment, during which the right to waive a jury trial is essentially unrestricted; and (2) the period commencing at the sixteenth day post-arraignment and extending to any time prior to the commencement of trial, during which period the right to waive a jury trial is subject to court approval.
With the 2010 amendment of La. Const, art. I, § 17(A), a third time period was imposed.[3] That period commences forty-five days prior to trial. During this period, a defendant is prohibited from waiving the right to a trial by jury, and the district court’s ability under La.C.Cr.P. art. 780(B) to approve a waiver is similarly restricted. See La. Const, art. I, § 17(A) (“Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.”). It is this third time period that is at issue here.
The defendant frames the unique and fact-based issue posed in this case as whether it is within the district court’s inherent authority to allow a defendant to waive the right to a jury trial — although the waiver occurs inside the forty-five-day period imposed by La. Const, art. I, § 17(A) as amended in 2010 — when the State, as it admitted in the district court, requests an early trial date in an attempt to prevent |Bthat waiver. The defendant argues that while the district attorney has the right under La.C.Cr.P. art. 61 to determine whom and when to prosecute,[4] and the district court is mandated by La. C.Cr.P. art. 702 to set a case for trial on motion of the State,[5] the district attorney’s authority to select a trial date is tempered by, and must be considered in conjunction with, the inherent power of the district court to control its docket as conferred by La.C.Cr.P. art. 17.[6] Otherwise, the defendant argues, the State could render the constitutional right to waive a jury trial meaningless, as it attempted to do in this case, simply by selecting a trial date less than forty-five days away.
The State counters that a plain reading of La.C.Cr.P. arts. 61 and 702 establishes that the State is the party possessing the right to control the prosecution of a criminal offense and to determine who, when and how to prosecute. However, the State submits that the narrow question of who actually controls the setting of trial dates — whether it is the district court that has ultimate control over *328 the scheduling of criminal cases for trial or the State that controls the setting of trial dates — is an | (¡argument in semantics, because regardless of who “sets” the trial date, the actual fixing of that date has, is, and should be a collaborative effort.[7] In any event, the State insists the issue of who has the right to control the setting of a trial date is not the ultimate issue in this case because although the State requested a trial date only forty-three days away, the defendant agreed to that date, and by doing so, the defendant forfeited his right to waive a trial by jury.
As an initial matter, it must be pointed out that the transcript in this case establishes that counsel for defendant expressly conditioned agreement to the October 11, 2011, trial date upon her client’s ability to waive his right to a trial by jury. Therefore, the State’s argument that the defendant forfeited his right to waive a trial by jury by agreeing to the October 11 trial date is without merit.
Therefore, the question that remains for resolution is that posed by the defendant: whether, by moving for a trial date less than forty-five days in advance, the State can take advantage of the provisions of La. Const, art. I, § 17(A) to prevent a defendant from waiving his right to a trial by jury. The answer to this question requires an interpretation of the 2010 amendment to La. Const, art. I, § 17(A).
As explained in Radiofone, Inc. v. City of New Orleans, 93-0962, p. 7 (La.1/14/94), 630 So.2d 694, 698, the role of the court in construing a constitutional 17provision is to ascertain and give effect to the intent of the people who adopted the provision. In seeking to discover that intent, the court is generally guided by the same rules followed in interpreting laws and written instruments. Id. Therefore,
[w]hen a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, it must be applied as written without further interpretation in search of its intent. Every provision must be interpreted in light of the purpose of the provision and the interests it furthers and resolves. When the provision is susceptible of different meanings, it is interpreted by examining the context and the text in which it occurs as a whole and by giving it the meaning that best conforms to its purpose.
Radiofone, 93-0962 at 7, 630 So.2d at 698.
In this case, the court of appeal relied on a literal application of La. Const, art. I, § 17(A) to hold that the district court erred in allowing the defendant to waive his right to trial by jury less than forty-five days prior to the scheduled trial date. *329 However, as the defendant points out, such a literal application of the constitutional provision produces a result clearly unintended by the redactors of the provision: it allows the State, as it admittedly attempted in this case, to deprive a defendant in a non-capital proceeding of the constitutionally guaranteed right to waive a trial by jury simply by moving for a trial setting within the forty-five-day period en-grafted onto the original constitutional provision by the 2010 amendment. A literal application here produces a result demonstrably at odds with the intent of the redactors of the constitutional amendment, who, had they desired to deprive the defendant of the right to waive a trial by jury, and not just limit the time period in which that right might be exercised, could have simply deleted the right to waive a trial by jury altogether. That they did not do so is most telling and dispositive of the issue presented in this case.
An examination of the relevant legislative history confirms this conclusion. See Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066, p. 7 (La.7/6/04),8 880 So.2d 1, 7 (“In construing a constitutional provision, the courts may consider the object sought to be accomplished by its adoption, and the evils sought to be prevented or remedied, in light of the history of the times and the conditions and circumstances under which the provision was framed.”); State v. Johnson, 03-2993, p. 12 (La.10/19/04), 884 So.2d 568, 575 (“[I]n many cases, the legislative history of an act and contemporaneous circumstances may be helpful guides in ascertaining legislative intent.”); La. R.S. 24:177(B)(2)(a) (“The occasion and necessity for the law, the circumstances under which it was enacted, concepts of reasonableness, and contemporaneous legislative history may also be considered in determining legislative intent.”).
The 2010 amendment to La. Const, art. I, § 17(A) originally appeared as H.B. 940, Reg. Sess., 2010. As originally introduced, the proposed amendment hinged a criminal defendant’s right to waive a jury trial on the prosecution’s consent and court approval:
Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury, with the approval of the court and the consent of the prosecuting attorney.
H.B. 940, Reg. Sess., 2010. The bill was passed by the House of Representatives; however, in debates on the Senate floor, an amendment was proposed which would delete the provision that required the defendant’s waiver to be with the consent of the prosecuting attorney and court approval and substitute in its stead the following language, which reflects the current wording of the constitutional provision:
Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.
Senate Floor Amendment 4948 to Engrossed H.B. 940, Reg. Sess., 2010.
|flThe amendment was debated at length and initially failed to pass. However, after additional debate, the amendment was called for a vote again. See Senate Floor Amendment 5261 to Engrossed H.B. 940, Reg. Sess., 2010. On the second attempt, it passed, and the House concurred in the amendment. On November 2, 2010, 2010 La. Acts 1053, amending La. Const. art. I, § 17, was ratified in a statewide election. The governor proclaimed the adoption of the amendment on November 10, 2010, and it became effective 20 days later, pursuant to La. Const, art. XIII, § 1(C), on November 30, 2010. See 2010 La. Acts 1053.
*330 Given the legislature’s refusal to approve the bill as originally drafted, which would have granted prosecutors unbridled discretion to veto a criminal defendant’s waiver of his right to a jury trial, it appears that the court of appeal erred in this case in applying the provisions of La. Const, art. I, § 17(A) to accomplish precisely that result. The defendant’s claim that the setting of a trial date less than forty-five days in the future constitutes a prosecutorial veto, like the one rejected by the legislature, has merit in the unique factual situation of this ease.
The clear intention of the redactors of La. Const, art. I, § 17(A) was to prevent last minute waivers by criminal defendants of the right to a jury trial. Consistent with that intent, La. Const, art. I, § 17(A) was enacted to limit the time period in which a criminal defendant charged with a non-capital offense may exercise his or her constitutional right to waive a jury trial. However, the constitutional provision was not enacted to deprive a defendant of the right to waive a jury trial entirely, nor was it enacted to allow the fixing of trial dates in such a manner as to deprive a defendant of the opportunity to knowingly and intelligently waive the right to a trial by jury.
In this case, proper application of La. Const. art. I, § 17(A) required the district court to take into account two considerations. First, as the district court properly | inrecognized, the defendant has a constitutional right to request a waiver of a jury trial. Second, because La. Const. art. I, § 17(A) prescribes a time limit for exercising that right, the district court could not accept a waiver and simultaneously set a trial date within the forty-five-day time limit of the constitutional provision. Such was required by the posture of this case, where even though the defendant agreed to a trial date less than forty-five days in advance if he could also waive the jury, the State objected to the waiver. The legislative history of the 2010 amendment demonstrates that La. Const, art. I, § 17(A) was not intended to give the district attorney unfettered control over a defendant’s ability to waive a jury trial. Where, as here, the State did not agree to allow a waiver within the forty-five-day period, the sole course of action available to the district court that did not cause the defendant’s right to waive the jury trial to conflict with the forty-five-day period of La. Const, art. I, § 17(A) was to consider the waiver, and if the waiver was accepted, to set a trial date beyond the forty-five-day period.
As indicated by the actions of the district court in permitting the defendant to waive the right to a trial by jury, the court intended to exercise its discretion to allow the defendant to waive his right to a jury trial.[8] However, as noted above, the district court could not set a trial date within forty-five days and simultaneously allow the defendant to waive his right to a jury trial over the State’s objection. To protect the defendant’s constitutional right to waive a jury trial in this matter, the trial date could not be set within forty-five days such that the right to waive the jury trial would be lost. Under the unique facts of this case, the district court erred, not in allowing the lnwaiver, as the court of appeal ruled, but in setting the initial trial date less than forty-five days away.
CONCLUSION
For the reasons assigned, the ruling of the court of appeal is reversed and the ruling of the district court permitting defendant to waive his right to a trial by jury *331 is reinstated. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KIMBALL, C.J., concurs and assigns reasons.
JOHNSON, J., concurs in result.
CLARK, J., dissents and assigns reasons.

. See 2010 La. Acts 1053, § 1.

2. We note, as did Judge Kuhn, that this statutory provision was not amended following adoption of the 2010 amendment to La. Const, art. I, § 17.

. See 2010 La. Acts 1053.

. La.C.Cr.P. art. 61 provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.

. La.C.Cr.P. art. 702 provides:
Cases shall be set for trial by the court on motion of the state, and may be set for trial on motion of the defendant.
Courts shall adopt rules governing the procedure for setting cases for trial and giving notice thereof. The defendant shall be given notice of trial sufficiently in advance thereof so that he may summon his witnesses.

. La.C.Cr.P. art. 17 provides:
A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.

. In this regard, the State acknowledges that while under La.C.Cr.P. art. 702, the district court must set a trial date upon the State’s motion, the article does not require the district court to set the specific date offered by the State. Such an acknowledgment is consistent with this court's ruling in State v. Simpson, 551 So.2d 1303 (La.1989), in which the court explained that "[u]nder the court's inherent power, the trial judge of the division to which the case is assigned has ultimate control over the scheduling of criminal cases for trial, although the district attorney has the primary responsibility to move to set criminal cases for trial.” Simpson, 551 So.2d at 1304-05 (footnotes omitted). Indeed, La.C.Cr.P. art. 702 charges the district court with adopting rules governing the procedure for setting cases for trial and providing adequate notice thereof, to which the State must adhere. This language suggests that the district attorney’s right to control the criminal docket is not unfettered. At any rate, the State acknowledges that, in the final analysis, it is the district court that retains ultimate control of the trial date, as it has the power to grant continuances pursuant to La.C.Cr.P. arts. 707-715. Obviously, a trial date should be chosen with the input of the parties and the court.

. As noted, La.C.Cr.P. art. 780(B), quoted infra, was not changed following the amendment of La. Const, art. I, § 17 and affords the district court the discretion to allow a waiver.