BROWN, Chief Judge.
11 Defendant, James Robinson, II, was convicted after a bench trial of aggravated second degree battery for the 2011 stabbing of Robert Stephenson. He was subsequently sentenced to ten years at hard labor, five of which were suspended with five years active supervised probation upon release. Defendant appealed, arguing that he did not validly waive his right to a jury trial. Following a jurisdictional check, this court ordered that the record on appeal be supplemented with all pretrial transcripts. Following the supplementation of the record, defendant was granted leave to file a supplemental brief in which he argues that his jury trial waiver was also untimely under La. Const. Art. 1, § 17A. For the reasons set forth herein, *304 defendant’s conviction and sentence are affirmed.

Discussion

The Waiver

On appeal, defendant challenges the validity of his jury trial waiver, arguing that it was not knowingly and voluntarily entered. He complains that the trial judge failed to first advise him of his right to a jury trial and, in his original brief on appeal, states that the record “does not contain any reference at all that [defendant] personally and validly waived his right to a trial by jury.” As mentioned, this court ordered that the record be supplemented with the transcript of the pretrial hearings. The record now includes a transcript of the colloquy between the trial judge and defendant concerning his jury trial waiver.
The bill of information charged that on November 5, 2011, in DeSoto Parish, Louisiana, defendant committed the crime of second degree battery. |2In December 2011, defendant pled not guilty and his trial was set for the jury term of January 17, 2012. Thereafter, continuances were granted for trial settings for jury terms in March and April 2012.
The April 23, 2012, transcript of the jury trial waiver reads as follows:
The Court: Your attorney has indicated your right to exercise your decision to waive a jury trial. I want to make sure that is your decision.
The defendant: Yes, sir.
The Court: Any questions about what you are doing?
The defendant: No sir.
The Court: All right. We’re going to set it for August 6th, that week. So any day, be back here on August 6th unless you’re instructed otherwise. Okay?
The defendant: Yes, sir.
The bench trial commenced and ended on November 8, 2012, with a verdict of guilty as charged. Defendant never requested that his waiver of a jury be set aside until this appeal. La. C. Cr. P. art. 780(A) provides in pertinent part that a defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.
In determining whether a defendant voluntarily waived his right to a jury trial, a trial court is required only to determine whether the defendant’s waiver was made knowingly and intelligently. State v. Campbell, 42,099 (La.App.2d Cir.06/20/07), 960 So.2d 368. A waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475 (La.1983). Because of the importance attached to the right |sto a jury trial, a trial judge must exercise great care in allowing a criminal defendant to waive the right. Id.
Although it remains the preferred method for the district court to advise a defendant of the right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. Id.; State v. Campbell, supra. Likewise, it is preferred, but not necessary, for the defendant to waive the right to a jury trial personally. State v. Pierre, 02-2665 (La.03/28/03), 842 So.2d 321. Counsel may waive the right on the defendant’s behalf, provided that the defendant’s decision to do so was made knowingly and intelligently. Id.
 While the trial judge must determine if a defendant’s jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. State v. Campbell, supra. Prior to accepting a jury trial waiver, the trial *305 court is not obligated to conduct a personal colloquy inquiring into a defendant’s educational background, literacy, and work history. Id. Additionally, nothing in the statutes or the jurisprudence requires the trial judge to inform a defendant of the details involving the number of jurors and the votes necessary for a conviction. Id.
In the instant ease, defendant, with counsel, personally appeared before the trial court and, on defendant’s motion, defense counsel informed the judge of defendant’s desire to waive his rights to a jury trial. We note that his case had previously been set for a jury trial. The trial court personally addressed defendant and confirmed that it was defendant’s desire to be tried by the judge rather than a jury. Defendant personally and 14expressly agreed that it was his intention to waive a jury trial. The trial court then accepted the waiver. Contrary to defendant’s assertion, the trial court was required only to determine whether defendant’s waiver was made knowingly and intelligently. That determination did not require a Boy-kin-like colloquy or any in-depth discussion regarding jury trial procedure. State v. Campbell, supra. The trial court did not err in accepting defendant’s waiver and permitting him to proceed to go to trial before the judge alone.

La. Const. Art. I, § 17(A)

La. Const. Art. I, § 17(A), as amended in 2010, provides that, except in capital cases, a defendant may waive his right to a trial by jury but no later than 45 days prior to the trial date. The waiver is irrevocable. State v. Chinn, 11-2043 (La.02/10/12) 92 So.3d 324. In State v. Bazile, 12-2243 (La.05/07/13), — So.3d -, 2013 WL 1880395, the Louisiana Supreme Court held that the 45-day period is applied prior to the initial trial date regardless of any subsequent continuances.
In State v. Chinn, supra, the issue before the court was whether the state could successfully object to a jury trial waiver by requesting an initial trial setting of less than 45 days from arraignment. This was admittedly the strategy of the state to ensure a jury trial. To allow the state to effectively take away a defendant’s right to waive a jury trial by a quick trial setting was not in keeping with the spirit of the constitutional amendment. The court in State v. Chinn, supra at 330, explained:
The clear intention of the redactors of La. Const, art. I, § 17(a) was to prevent last minute waivers by criminal defendants of the 15right to a jury trial. Consequently, La. Const, art. I, § 17(a) was enacted to limit the time period in which a criminal defendant charged with a non-capital offense may exercise his or her constitutional right to waive a jury trial.
In State v. Bazile, supra, the supreme court explained its decision in State v. Chinn, supra, and further held that the reference to the “trial date” in the 2010 amendment must refer to the initial trial setting of the matter. In State v. Bazile, the defendant waived his right to a jury trial over a year after his arraignment, but less than 45 days from his actual trial date. Bazile’s initial trial date had been continued and reset several times prior, to his jury trial waiver. Finding that, at the time Bazile waived his right to a trial by jury, he was prohibited by La. Const. Art. I, § 17(A) from exercising that waiver, the supreme court explained, in State v. Bazile, supra at 18, — So.3d at-:
The reference in the constitutional provision to a “trial date” must, we believe, refer to the initial trial setting of the matter. As this case shows, an initial trial setting may be continued again and again, which would turn a defendant’s actual date of trial into a moving target. Since trial settings are often extended for a variety of reasons, there must exist a fixed point in time by which the timeli *306 ness of a defendant’s jury waiver can be determined. If the term “trial date” is interpreted to mean a date which could be continued, this interpretation would conflict with the clear intention of the provision to prevent last minute jury trial waivers. Thus, we interpret the term “trial date” in La. Const, art. I, § 17(a) to mean the initial trial setting,
A recent decision by the Third Circuit is also instructive. In State v. Prudhomme, 12-347 (La.App.3d Cir.11/07/12), 101 So.3d 565, the defendant sought to exercise his right to waive jury trial, albeit untimely. There was no objection by the state and, on this basis, the Third Circuit distinguished State v. Chinn, supra, and determined that the waiver was validly entered.
[(¡Furthermore, in State v. Carter, 11-758 (La.App.5th Cir.05/31/12), 96 So.3d 1283, the Fifth Circuit actually declined to consider the issue where neither the defendant nor the state objected to the waiver and both “acquiesced in the bench trial date.” The Carter court cited La. C. Cr. P. art. 841, stating that the issue could not be raised for the first time on appeal.
In this case as in State v. Prudhomme, supra, and State v. Carter, supra, the state never objected to defendant’s waiver. La. C. Cr. P. art. 841(A) provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. Further, as in State v. Prudhomme, supra, because there was no objection from the state and no attempt by the state to deprive defendant of his right to exercise the waiver, the waiver was validly entered.
Significantly, the spirit of the 2010 amendment is not offended by validating defendant’s waiver in this ease. In response to the 2010 constitutional amendment to Art. I, § 17(A) and State v. Bazile, supra, with an effective date of August 1, 2013, by Act No. 343, the legislature amended La. C. Cr. P. art. 780 to provide that waiver of a jury trial must be by written motion, signed by the defendant and defendant’s counsel unless defendant has waived counsel and must be no later than 45 days prior to the trial date; however, with the consent of the district attorney, trial by jury may be waived within the 45 days prior to trial. For these reasons, we conclude that the waiver is valid and does not run afoul of the 2010 constitutional amendment.

nError Patent Review

m, . • , courf faueu to advise defendant of his rights under La. C. Cr. P. art. 930.8. It is unnecessary to remand on this issue; defendant is hereby advised that no application for post-conviction relief shall be considered if filed more than two years after the judgment of conviction and sentence has become final. State v. Gipson, 45,121 (La.App.2d Cir.04/14/10), 34 So.3d 1090, writ denied, 10-1019 (La.11/24/10), 50 So.3d 827.

Conclusion

For the foregoing reasons, the conviction and sentence of defendant, James G. Robinson, II, are affirmed.