Crichton, J.,
additionally concurs and assigns reasons.
U write separately to nóte that although the state finely parses La.C.Cr.P. art. 841, which provides (emphasis added) “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence”, to argue that no contemporaneous objection is necessary to preserve a claim for review on a pre-verdict supervisory writ, such an argument runs afoul of principles of judicial economy. See generally State v. Herrod, 412 So.2d 564, 566 (La.1982) (“Our law requires that defendant make a contemporaneous objection and state the reason therefor to allow the trial judge the opportunity to rule on it and prevent or cure error.”). Moreover, the language of the amended constitutional provision itself declares that “the waiver shall be irrevocable.” Thus, once the district court accepted the defendant’s untimely jury waiver with no objection by the state, and thus no opportunity to cure the error, that waiver became irrevocable by operation of the 2010 amendment. It would be unwise for this 'court to impair the ability of both the State and defendant to agree on a trial date less than 45 days before trial, as this would lead to inefficient use of judicial resources for the reasons discussed at length in the concurrence in State v. Chinn, 11-2043, pp. 1-2 (La.2/10/12), 92 So.3d 324, 332-33 (Kimball, C.J., concurring), whose views on this question appear to have prevailed in State v. Simmons, 11-2130 (La.10/11/11), 74 So.3d 711 (per curiam), noting that “[a]l-though the Defendant did not make a jury waiver ‘no later than 45 |2days prior to trial,’ the State did not object and the case proceeded to trial.” For the above reasons, I concur in the denial of this writ application.