BLEICH, J. (Pro Tempore )
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable John Mosley, Jr., presiding. Defendant Lonnie Carroll was tried by a jury, found guilty of first degree rape, and sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant's appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base the appeal. This Court held the motion to withdraw in abeyance and allowed Defendant 30 days within which to file a pro se brief. As of this date, no pro se brief has been filed. For the following reasons, appellate counsel's motion to withdraw is granted, Defendant's conviction and sentence are affirmed, and the case is remanded to the trial court with instructions.
FACTS
On April 13, 2017, Defendant was charged by bill of indictment with the first degree rape of C.M., his half-sister. At the time of this incident, C.M., a nursing student, lived with her mother, her mother's boyfriend, C.M.'s younger brother, Defendant, and Defendant's girlfriend Tara at a house on Red Bud Lane in Shreveport, Louisiana. At the time of this incident, which occurred the morning of February 25, 2017, C.M. and Defendant were the only people in the home. C.M. testified that after she had bathed and dressed in preparation to go to a Mardi Gras parade with her boyfriend, she went into the kitchen. As she was standing in the kitchen, she bent down to pick up her dog. When she turned around, Defendant was right there, with a butcher knife pointed at her abdomen. Defendant grabbed C.M.
*501 and forced her into his bedroom, which is a room located just off the kitchen.
C.M. testified that Defendant told her he would kill her if she did not do what he said. Defendant told her to perform oral sex on him while continuing to hold the knife and asking her if she wanted to die. C.M. testified that Defendant told her to remove her clothes, which she did. Defendant then had her bend over the air mattress in his bedroom; Defendant sodomized C.M. and then vaginally raped her. C.M. testified that Defendant forced her to perform oral sex on him again. C.M. stated that Defendant was covered in fecal matter, which she could taste in her mouth.
Afterwards, C.M. got dressed, but was unable to find her shirt, which she described as black with a heart-shaped neckline laced with pearls. C.M. stated that she went back to her room, slid a table in front of her door to prevent Defendant from getting in, grabbed her car keys and got out of the house through her bedroom window, wearing only her pants, underwear, and bra. She then drove her car to a nearby bank parking lot. As she was driving, she tried to call her mother, cousin, and boyfriend but no one answered. She then called 911 to report the rape. Corporal Lonnie Haskins with the Shreveport Police Department met her in the bank parking lot and took her to the hospital.
Law enforcement officers apprehended Defendant at the house on Red Bud Lane. Evidence collected at the scene included the knife C.M. told Cpl. Haskins that Defendant had used and the black shirt she described as having put on before she was sexually assaulted, both of which were found in Defendant's bedroom. Police officers also discovered that they could not enter C.M.'s bedroom because there was something blocking the door. They also found a window to her bedroom open. Melanie Hubbard, a sexual assault nurse examiner, testified that she performed the rape kit examination on C.M., who had fecal matter in her vagina and all over her genitalia. Ms. Hubbard testified that she could not properly perform tests due to the presence of the fecal matter. Ms. Hubbard also testified that C.M. had injuries consistent with sexual assault.
A redacted audio recording of Defendant's Mirandized statement to the police was played in court.[1] In his statement, Defendant stated that he had oral and vaginal sex with his sister and that he had a knife with him during the encounter.
On May 2, 2018, a jury found Defendant guilty of first degree rape. On May 8, 2018, the trial court held Defendant's sentencing hearing. On that date, defense counsel filed motions for a new trial and post-verdict judgment of acquittal, which were denied at the hearing. Defense counsel stated after the trial court denied the motions, "Note our objection, Your Honor, and we're ready for sentencing." The trial court stated that first degree rape carried a mandatory sentence of life imprisonment, then sentenced Defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court stated that Defendant's sentence was to run concurrently with any other sentence he was required to serve and gave Defendant credit for time served. Defendant was advised of his time limits in which to file an appeal and to seek post-conviction relief. On May 15, 2018, Defendant filed a motion to reconsider sentence, which was denied *502 the same day. Defendant filed the instant appeal.
DISCUSSION
On September 18, 2018, Defendant's appellate counsel filed a motion to withdraw and an Anders brief asserting that, after a thorough review of the entire record, no nonfrivolous issues remained for appeal. See Anders, supra ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 04/28/95), 653 So.2d 1176 ; State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). The brief outlines the procedural history of the case and a statement of the facts of the case, and contains a detailed and reviewable assessment for both Defendant and this Court regarding whether the appeal is worth pursuing. Appellate counsel verified that she mailed copies of the motion to withdraw and her brief to Defendant, who has not filed a pro se brief. The state provided a letter to this Court stating, "Inasmuch as counsel for defendant-appellant filed an Anders brief in [this] matter, the State declines to file a brief."
La. R.S. 14:42 provides in part:
(A) First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
....
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
....
(D) (1) Whoever commits the crime of first degree rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
The record provides sufficient evidence to support a conviction of first degree rape. Given that La. R.S. 14:42 requires a mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence, Defendant's life sentence is not illegal. Also, where there is a mandatory sentence, there is no need for the trial court to justify under La. C. Cr. P. art. 894.1 a sentence that it is legally required to impose. State v. Morning , 49,300 (La. App. 2 Cir. 10/01/14), 149 So.3d 925, writ denied , 14-2354 (La. 02/19/16), 186 So.3d 1179 ; State v. White , 45,915 (La. App. 2 Cir. 02/02/11), 58 So.3d 493, writ denied , 11-0373 (La. 06/24/11), 64 So.3d 220. We therefore grant appellate counsel's motion to withdraw and affirm Defendant's conviction and sentence.
ERROR PATENT
In accordance with La. C. Cr. P. art. 920, the record has been reviewed for errors patent. La. C. Cr. P. art. 873 provides:
If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
The record shows that the trial court failed to observe the 24-hour sentencing delay under La. C. Cr. P. art. 873, and there was no express waiver of the delays by Defendant (although his attorney did announce at the sentencing hearing, following denial of their motions, "We're ready for sentencing."). Defendant did not object to the trial *503 court's failure to observe the delay, and there was no showing of prejudice. Thus, the trial court's failure to observe the 24-hour delay was harmless error. See State v. Burch , 52,247 (La. App. 2 Cir. 11/14/18), 259 So.3d 1190 ; State v. Lindsey , 50,324 (La. App. 2 Cir. 02/24/16), 189 So.3d 1104.
Additionally, first degree rape is a sex offense as defined by La. R.S. 15:541, and La. R.S. 15:542 provides mandatory registration requirements for sex offenders. La. R.S. 15:543(A) provides:
The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter. For purposes of this Subsection, the court shall use the form contained in R.S. 15:543.1 and shall provide a copy of the registration and notification statutes to the offender. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders.
The record does not show that the trial court provided Defendant with verbal or written notice of his obligation to register as a sex offender. Therefore, we remand this case to the trial court to provide the appropriate written notice to Defendant of the sex offender registration requirements, and to confirm the written notification on the record. State v. Barrett , 51,921 (La. App. 2 Cir. 04/11/18), 247 So.3d 164 ; State v. Williams , 49,249 (La. App. 2 Cir. 10/01/14), 149 So.3d 462, writ denied , 14-2130 (La. 05/22/15), 173 So.3d 1167 ; State v. Hough , 47,308 (La. App. 2 Cir. 08/01/12), 103 So.3d 477, writ denied , 12-1936 (La. 03/08/13), 109 So.3d 357.
CONCLUSION
Appellate counsel's motion to withdraw is granted, Defendant's conviction and sentence are affirmed, and the case is remanded for the trial court to provide Defendant with written notice of the sex offender registration requirements with confirmation of said notice on the record.
GRANTED, AFFIRMED, and REMANDED .

The statement was redacted to exclude evidence of Defendant's other crimes under La. C.E. 404(B).